IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
CADLEROCK III, LLC,              *
                                 *
     Plaintiff,                  *
                                 *
     v.                          *      CV 413-099
                                 *
COBALT PARTNERS, LLC; ALBERTO    *
ALVAREZ; ADAM BEELER; RODNEY     *
M. COOK, JR.; WILLIAM M.         *
TUTTLE, II; and CHARLES K. WERK, *
                                 *
     Defendants.                 *
```

**O R D E R**

Presently before the Court is Plaintiff's motion for summary judgment (Doc. 89). For the reasons below, Plaintiff's motion is **DENIED**.

**I. BACKGROUND**

On January 3, 2008, in exchange for cash to form a bank in Coral Gables, Florida, Defendant Cobalt Partners, LLC, ("Cobalt") executed a promissory note ("note") to First National Bank of Savannah, Georgia, ("FNB") in the amount of $1,000,000. (Roberts Decl., Pl.'s Ex. A-1, Doc. 89-1, ¶ 2; Kistler Dep., Pl.'s Ex. D, at 5.) According to Plaintiff, as part of this arrangement, Cobalt's members – Allen Harper, Michael Kistler, and Defendants Alvarez, Beeler, Cook, Tuttle, and Werk – each then executed a personal, unconditional guaranty of the note.

(Pl's. Ex. A-2, Doc. 89-1; Pl's Ex. B, Doc. 89-2; Kistler Dep., Pl.'s Ex. D, Doc. 89-8, at 5-6.) Later, for various reasons, Defendant Cobalt, with funds solicited through a capital call, renewed its note on January 20, 2009. (Pl.'s Ex. A-6, Doc. 89-1; Pl.'s Ex. A-7, Doc. 89-1; Pl.'s Ex. N, Doc. 89-19.)

Having failed to make full payment by the renewed note's maturity date of July 20, 2009, Defendant Cobalt defaulted, and the remaining Defendants did not fulfill their purported guaranties. (Roberts Decl. ¶ 6.) Nevertheless, on September 16, 2009, after transferring money from Kistler's separate line of credit, FNB treated the renewed note as paid in full. (Id. ¶ 8; Loan Hist. Card, Ex. A-8, Doc. 89-1; Ex. B, Doc. 89-2, at 6.) Based on this transfer, the renewed note remained satisfied until May 27, 2010, when the Superior Court of Chatham County, Georgia, ordered Kistler's line of credit to be restored. (Loan Hist. Card, Ex. A-8; Ex. B at 6.)

Without payment for the renewed note, the Federal Deposit Insurance Corporation ("FDIC"), appointed as FNB's receiver on June 25, 2010, ultimately filed its complaint on April 19, 2013, alleging that Defendant Cobalt, as maker of the renewed note, and the other named Defendants, as guarantors of the renewed note, were jointly and severally liable for the note's outstanding principal and interest. (Compl., Doc. 1; Roberts Dec. ¶ 10.) Subsequently, the Clerk entered default against

Defendants Cobalt and Werk, and the FDIC filed the instant motion for summary judgment as to the other Defendants.[1] (Docs. 43, 89, 93.) Yet, just as Defendants began filing their responses (Docs. 104, 112, 117, 118), Plaintiff Cadlerock III, LLC, ("Cadlerock") acquired the FDIC's interest in the disputed instruments and thus replaced the FDIC in this suit. (Docs. 105, 108.) Since that time, Plaintiff has filed two replies (Docs. 111, 121), and the instant motion has become ripe for the Court's consideration.

## II. DISCUSSION

Plaintiff's motion for summary judgment will be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In this context, facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In evaluating the contentions of the parties, the Court must view the facts in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in [its] favor," United States v. Four Parcels of

---

[1] In compliance with Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985)(per curiam), the Clerk provided these Defendants with notice of the summary judgment motion, the summary judgment rules, the right to file affidavits or other materials in opposition, and the consequences of default. (Doc. 90.)

3

Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (internal punctuation and citations omitted).

Initially, the moving party bears the burden and must show the Court, by reference to materials on file, the basis for the motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). How to carry this burden depends on who bears the burden of proof at trial. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). When the movant has the burden of proof at trial, "that party must show affirmatively the absence of a genuine issue of material fact: it must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial." Id. (internal quotation marks and citation omitted). Put another way, the moving party must show that no reasonable jury could find for the non-moving party on any of the essential elements of the case. Id.

If — and only if — the movant carries its initial burden, the non-movant may avoid summary judgment by coming forward "with significant, probative evidence demonstrating the existence of a triable issue of fact." Fitzpatrick, 2 F.3d at 1116 (internal quotation marks and citation omitted). After the introduction of the non-movant's evidence, summary judgment will be granted for the moving party only if "the combined body of evidence is still such that the movant would be entitled to a directed verdict at trial — that is, such that no reasonable

4

jury could find for the non-movant." Id. Importantly, however, the non-movant cannot carry its burden by relying on the pleadings or by making conclusory statements. See Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981). Instead, the non-movant must respond with affidavits or as otherwise provided by Federal Rule of Civil Procedure 56.

### A. Applicable Law

In this case, the choice of law rules of the forum state of Georgia apply. Benchmark Med. Holdings, Inc. v. Rehab Solutions, LLC, 307 F. Supp. 2d 1249, 1258-59 (N.D. Ala. 2004)(providing that when a federal court decides state law claims, it applies the choice-of-law rules of the jurisdiction in which it sits (citing Boardman Petroleum, Inc. v. Federated Mut. Ins. Co., 135 F.3d 750, 752 (11th Cir. 1998))). Thus, because Georgia follows the traditional rule of *lexi loci contractus*, the guaranties at issue appear to be governed "by the law of the place where they were made, except where it appears from the contract itself that it is to be performed in a State other than that in which it was made, in which case . . . the laws of that sister State will be applied." Convergys v. Keener, 582 S.E.2d 84, 86 n.1 (Ga. 2003) (internal quotation marks and citation omitted). In spite of this rule, however, Georgia courts will generally enforce contractual choice of law provisions unless the applicable law "is contrary to Georgia

5

public policy" or the applicable jurisdiction "has no substantial relationship to the parties or the transaction." Velten v. Lippert, 985 F.2d 1515, 1519 (11th Cir. 1993); Manderson & Assocs., Inc. v. Gore, 389 S.E.2d 251, 254 (Ga. Ct. App. 1989).

Because the guaranties indicate (1) that the applicable city is Savannah, Georgia, and (2) that the lending institution is FNB, Georgia substantive law appears to govern.[2] (Guaranties, Pl.'s Ex. A-2 through A-6, Doc. 89-1.) However, Plaintiff contends that Florida law should be the substantive law applied because (1) each guaranty provides that it "shall be governed by the laws of the State in which it is executed" and (2) "[t]he consensus of the evidence is that the Guaranties were executed in the State of Florida in January 2008" per "Ex. D at 5-7" and "Ex. G at 14-15." (Pl.'s Br., Doc. 89-37, at 6 n.1; Guaranties, Pl.'s Ex. A-2 through A-6.)

After reviewing the cited evidence, the Court finds it insufficient to demonstrate that the guaranties were executed in Florida. With the hope of obtaining more probative evidence on this issue, the Court could deny Plaintiff's motion as premature and order further briefing and evidence. Yet, because Defendants deny – or provide that they cannot recall – executing the guaranties, such a course of action would likely be futile.

---

[2] The Court also notes that, in its complaint, Plaintiff indicates that "the events or omissions giving rise to this action occurred in the Southern District of Georgia." (Doc. 1.)

(Beeler & Cook Resp. to Stat. Mat. Facts, Doc. 104-1, ¶ 2; Tuttle Resp. to Stat. Mat. Facts, Doc. 117, ¶ 2; Alvarez Resp. to Stat. Mat. Facts, Doc. 118-12, ¶ 2.) Thus, when considering these circumstances and Plaintiff's statement that it "can prevail as a matter of law regardless of whether Florida or Georgia law is applied," the Court will apply the background rule of *lexi loci contractus* and, consequently, Georgia substantive law. (Pl.'s Reply I, Doc. 111, at 3.)

## B. Right to Enforce the Guaranties

"In a suit to enforce a promissory note, a plaintiff establishes a prima facie case by producing the note and showing that it was executed." L.D.F. Family Farm, Inc. v. Charterbank, 756 S.E.2d 593, 596 (Ga. Ct. App. 2014). "Once that prima facie case has been made, the plaintiff is entitled to judgment as a matter of law unless the defendant can establish a defense." Id. (internal quotation marks and citation omitted). "Similarly, in a suit on a personal guaranty, when the signature is admitted or established, production of the instrument entitles the holder to recover on it unless the defendant establishes a defense."[3] Id.

On July 1, 2015, in support of its motion for summary judgment, the FDIC submitted the unsworn declaration of Christopher Roberts, "Vice-President of KeyBank National

---

[3] As used here, a "holder" includes "(i) the holder of the instrument; (ii) a nonholder in possession of the instrument who has the rights of a holder; or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to [O.C.G.A. § 11-3-309] or [O.C.G.A. § 11-3-418(d)]." See O.C.G.A. § 11-3-301.

Association, d/b/a KeyBank Real Estate Capital, as Servicer on behalf of the [FDIC], as Receiver for First National Bank." (Roberts Decl. ¶ 1.) Therein, Roberts stated that he had attached (1) "[a] true and correct copy of the Renewed Note" and (2) "[t]rue and correct copies of [Defendants'] Guaranties." (Id. ¶¶ 3, 5.) Additionally, Roberts indicated that he had "access to and [was] familiar with the business records of [FNB] with regard to the Defendants." (Id. ¶ 1.)

Then, on November 11, 2015, Plaintiff submitted the unsworn declaration of its account officer, Nick Davies. (Davies Decl., Doc. 121-2, ¶ 1.) Within his declaration and attached exhibits, Davies indicated that the rights to the renewed note and Defendants' guaranties were transferred from the FDIC to The Cadle Company II Inc. ("Cadle") on August 27, 2015, and then from Cadle to Plaintiff Cadlerock on the same day. (Id. ¶¶ 2-7.)

Viewing Plaintiff's evidence in the light most favorable to Defendants and drawing all justifiable inferences in their favor, Plaintiff has failed to demonstrate that it is the "holder" of the renewed note and Defendants' guaranties. Although Davies indicated that the legal rights to the instruments have been transferred to Plaintiff, he did not specify whether Plaintiff has possession of the original instruments themselves. Accordingly, the Court cannot conclude

8

that Plaintiff is the "holder" of these instruments and must instead find that Plaintiff has not met its burden of setting forth prima facie evidence of its right to enforce the guaranties.[4] See Jenkins v. Wachovia Bank, Nat'l Ass'n, 711 S.E.2d 80, 82-83 (Ga. Ct. App. 2011)(providing that one cannot be a holder of a negotiable instrument unless he has "possession of the instrument").

Additionally, though Roberts indicated that true and accurate copies of the instruments were included among the documents the FDIC submitted, Roberts did not state whether these copies were made from the original instruments which the FDIC then possessed. Consequently, while irrelevant to the present outcome, the Court also questions whether the renewed note and Defendants' guaranties have been "produced."

---

[4] Based on its in-brief representations, Plaintiff, through counsel, has physical possession of the original guaranties but does not have possession of the renewed note. (Pl.'s Reply I at 4; Pl.'s Reply II at 3.) Though Plaintiff maintains that it has "constructive possession" of the note, this argument fails without evidence indicating that one of Plaintiff's agents has actual possession. See Midfirst Bank, SSB v. C.W. Haynes & Co., 893 F. Supp. 1304, 1314 (D.S.C. 1994)(stating that a person constructively possesses an instrument when "it is in the physical possession of his agent")(internal quotation marks and citation omitted). Thus, even if the Court permitted Plaintiff to submit the original guaranties as supplemental summary judgment evidence, the instant outcome would not change.

### III. CONCLUSION

Because Plaintiff has not established that it is the holder of the instruments at issue, the Court **DENIES** its motion for summary judgment (Doc. 89).

**ORDER ENTERED** at Augusta, Georgia, this 28th day of March, 2016.

*[signature]*

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA