IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CADLEROCK III, LLC,

    Plaintiff,

v.                                         CV 413-099

COBALT PARTNERS, LLC; ALBERTO
ALVAREZ; ADAM BEELER; RODNEY
M. COOK, JR.; WILLIAM M.
TUTTLE, II; and CHARLES K. WERK,

    Defendants.

**O R D E R**

Presently before the Court is Plaintiff's motion for default judgment as to Defendant Werk (Doc. 119). For the reasons below, Plaintiff's motion is **DENIED**.

### I. BACKGROUND

On January 3, 2008, Defendant Cobalt Partners, LLC, ("Cobalt") executed a promissory note ("note") to First National Bank of Savannah, Georgia, ("FNB") in the amount of $1,000,000. (Compl., Doc. 1, ¶ 10.) Then, as part of this arrangement, Defendants Alvarez, Beeler, Cook, Tuttle, and Werk each executed a personal, unconditional guaranty of the note. (Id. ¶ 11.) Later, for various reasons, Defendant Cobalt renewed its note on January 20, 2009. (Id. ¶ 12.)

Having failed to make full payment by the renewed note's maturity date of July 20, 2009, Defendant Cobalt defaulted, and

the remaining Defendants did not fulfill their purported guaranties. (Id. ¶ 13.) Thus, without payment for the renewed note, the Federal Deposit Insurance Corporation ("FDIC"), as receiver for FNB, ultimately filed its complaint on April 19, 2013, alleging that Defendant Cobalt, as maker of the renewed note, and the other named Defendants, as guarantors of the renewed note, were jointly and severally liable for the note's outstanding principal and interest. (Id. ¶¶ 1, 15.) Subsequently, the Clerk entered default against Defendants Cobalt and Werk, and the FDIC filed its motion for summary judgment. (Docs. 43, 89, 93.) Yet, just as Defendants began filing their responses, Plaintiff Cadlerock III, LLC, ("Cadlerock") acquired the FDIC's interest in the disputed instruments and thus replaced the FDIC in this suit. (Docs. 105, 108.) Thereafter, Plaintiff Cadlerock filed a motion for default judgment as to Defendant Werk (Doc. 119), which the Court now considers.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 55, upon the clerk's entry of default, a plaintiff may obtain a default judgment against a party. However, "a Defendant's default does not in itself warrant the court in entering a default judgment." Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004). For a plaintiff to obtain such a judgment,

2

"[t]here must be a sufficient basis in the pleadings." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] By his default, a defendant is deemed to have admitted to the "plaintiff's well-pleaded allegations of fact," but not "to facts that are not well-pleaded or to . . . conclusions of law." Id. Ultimately, the Court must be satisfied that such well-pleaded facts provide for (1) the Court's jurisdiction, (2) the defendant's liability, and (3) the plaintiff's damages. Pitts, 321 F. Supp. 2d at 1356.

"In a suit to enforce a promissory note [in Georgia], a plaintiff establishes a prima facie case by producing the note and showing that it was executed."[2] L.D.F. Family Farm, Inc. v. Charterbank, 756 S.E.2d 593, 596 (Ga. Ct. App. 2014). "Once that prima facie case has been made, the plaintiff is entitled to judgment as a matter of law unless the defendant can establish a defense." Id. (internal quotation marks and citation omitted). "Similarly, in a suit on a personal guaranty, when the signature is admitted or established, production of the instrument entitles the holder to recover on it unless the defendant establishes a defense."[3] Id.

---

[1] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding that Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in the Eleventh Circuit).

[2] For the reasons stated in the Court's Order on Plaintiff's motion for summary judgment (Doc. 124), the Court applies Georgia substantive law to the issues at hand.

[3] As used here, a "holder" includes "(i) the holder of the instrument; (ii) a nonholder in possession of the instrument who has the rights of a holder; or (iii) a person not in possession of the instrument who is entitled to enforce

3

Based upon the FDIC's initial complaint and his default, Defendant Werk has admitted that (1) Cobalt executed the renewed note; (2) he executed an absolute and unconditional guaranty of the renewed note; and (3) the $1,000,000 renewed note is still unfulfilled. (Compl.) However, because the complaint contains no allegations regarding who possesses the original renewed note and guaranties, Defendant Werk does not admit that Plaintiff is in possession of these instruments. Thus, while Defendant Werk has admitted that he faces liability on the renewed note, he has not admitted that Plaintiff is the person – the holder – to whom he is liable. For that reason, the Court finds an insufficient basis in the pleadings for judgment to be entered against Defendant Werk.

### III. CONCLUSION

For the reasons above, the Court **DENIES** Plaintiff's motion for default judgment as to Defendant Werk (Doc. 119).

**ORDER ENTERED** at Augusta, Georgia, this 12th day of April, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

the instrument pursuant to [O.C.G.A. § 11-3-309] or [O.C.G.A. § 11-3-418(d)]." See O.C.G.A. § 11-3-301.