# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

```
CADLEROCK III, LLC,                *
                                   *
     Plaintiff,                    *
                                   *
     v.                            *     CV 413-099
                                   *
ALBERTO ALVAREZ; ADAM BEELER;      *
RODNEY M. COOK, JR.; and           *
WILLIAM M. TUTTLE, II,             *
                                   *
     Defendants.                   *
```

## O R D E R

On May 25, 2017, this matter was set for trial. (Doc. 149.) At the pretrial conference held on August 16, 2017, the parties announced that they had settled their dispute in principal and would no longer be proceeding to trial. Accordingly, this matter was removed from the Court's trial calendar.

On November 29, 2017, the parties filed their Stipulation of Dismissal Without Prejudice and Joint Motion to Retain Jurisdiction to Enforce Settlement Agreement and Enter Judgment in Case of Default.. (Doc. 172.) In their motion, the parties expressly state they have executed a formal settlement agreement resolving their dispute and request the Court to dismiss the present action without prejudice pursuant to Federal Rule of Federal Procedure 41 while retaining jurisdiction to enforce the

parties' settlement agreement and to enter a judgment in the event of a default thereon.[1] (Id.)

Upon due consideration, the Court finds that dismissal is appropriate under Rule 41(a)(2). **IT IS THEREFORE ORDERED** that Plaintiff's claims against the Defendants are **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to **TERMINATE** all motions and deadlines and **CLOSE** this case. The Court, however, shall retain jurisdiction over this matter solely to enforce the parties' aforementioned settlement agreement. See Disability Advocates & Counseling Grp., Inc. v. E.M. Kendall Realty, Inc., 366 F. App'x 123, 125 (11th Cir. 2010) ("When a district court's dismissal order either incorporates the terms of the settlement agreement or expressly retains jurisdiction to enforce the settlement, the agreement functions as a consent decree that the district court has jurisdiction to enforce." (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 380-82 (1994); Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach, 353 F.3d 901, 905 (11th Cir. 2003); Am. Disability Ass'n, Inc. v. Chmielarz, 289 F.3d 1315, 1320-21 (11th Cir. 2002)).

---

[1] In their motion, the parties "request that the Court enter the attached proposed Order dismissing the case without prejudice and retaining jurisdiction to enforce the Settlement Agreement and to enter a judgment in the case of default." (Doc. 172.) Notably, the parties have failed to attach the aforementioned proposed order to their motion or otherwise provide a copy thereof to the Court. (See id.)

**ORDER ENTERED** at Augusta, Georgia this 30th day of November, 2017.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA